*TERRY A. DAKE, LTD.*
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
Telephone: (602) 701-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Chapter 7 Proceedings |
| PATRICIA DIANE MCSHANE; | Case No. 3:17-BK-01903-DPC |
| Debtor. | |
| LAWRENCE J. WARFIELD, TRUSTEE | **Adversary No. 3:17-AP-215** |
| Plaintiff, | |
| v. | |
| JOHN ALLEN CASPER, II, | |
| Defendant. | |

**MOTION TO APPROVE COMPROMISE**

The trustee moves this Court for the entry of an order approving a compromise with the defendant, John Allen Casper ("JAC"), and the debtor, Patricia Diane McShane ("PDM"). The trustee's motion is more fully set forth in and is supported by the following Memorandum Of Points and Authorities.

DATED November 28, 2017.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
   Terry A. Dake – 009656
   20 E. Thomas Rd.
   Suite 2200
   Phoenix, Arizona 85012-3133

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Prior to the bankruptcy filing, PDM allegedly entered into agreements with JAC regarding two parcels of real property, 1404 E. Tina Circle, Williams, AZ ("Tina") and 797 E. Hoctor Rd., Williams, AZ ("Hoctor"). PDM then recorded a deed transferring an interest in the Hoctor property JAC. The trustee filed this adversary proceeding to avoid that transfer.

To the extent that the Hoctor deed to JAC cannot be avoided, the trustee asserts that the alleged agreements regarding both the Tina property and the Hoctor property are unenforceable against the bankruptcy estate and/or that JAC is in default of the obligations imposed by those agreements.

JAC disputes the trustee's claims. JAC asserts, among other things, that he has paid for and/or constructed improvements on both properties and that, as a result, he is entitled to credits and/or reimbursement for those contributions.

PDM asserts that the Tina property is her exempt homestead. The trustee has objected to the asserted exemption. No adjudication of that dispute has occurred.

To resolve these issues, JAC has offered to purchase both the Tina and Hoctor properties. JAC has offered to pay $260,000.00 for the Tina property and $90,000.00 for the Hoctor property. Further, as part of his proposal, JAC has agreed that he will assert no claims of any kind against PDM or against the bankruptcy estate and JAC will release any and liens that he has recorded against both the Hoctor and Tina properties.

2

PDM has agreed to the sale of the Tina property to JAC for $260,000.00 provided that, from those funds, no money will be distributed to JAC and provided that, at closing, all remaining net sale proceeds after payment of the existing deeds of trust, along with real property taxes, closing costs and other normal expenses of sale are paid to PDM. As part of this settlement, and to allow both sales to be completed, PDM will insure that any deeds required from her mother, Darlene Bailey, will be executed by Ms. Bailey and provided to the title company to complete the sale of both the Tina and the Hoctor properties. PDM will also release the eviction judgment she obtained against JAC.

As part of this settlement, the trustee will agree to the asserted homestead exemption in the Tina property and will consent to those funds being paid to PDM, provided that PDM cooperates in the completion of the closing of both sales including, but not limited to, obtaining any required deeds from Darlene Bailey.

The trustee has agreed to this settlement provided that both the sale of the Tina property and the sale of the Hoctor property close simultaneously. The net proceeds of the sale of the Hoctor property, after the payment of real property taxes, closing costs and other normal expenses of sale will be paid to the trustee, free and clear of the lien, claim of interest of any other person or entity and will be held by the trustee for distribution pursuant to 11 U.S.C. §726.

No real estate commissions will be paid to any realtors in connection with this transaction. The normal fees and expenses of escrow will be allocated between the parties according to the usual

3

customs, and real property taxes will be prorated to the date of closing. The cost of a standard title insurance policy in favor of the buyer will be paid from escrow from the seller's proceeds for both sales, but any policy of insurance in favor of JAC's lender, if any, shall be paid by JAC.

Both sales shall close not later than 30 days after the date of the order of this Court approving this settlement. The trustee, in his sole discretion, may extend the closing date if the trustee believes that is reasonable and prudent to do so. If both sales fail to close timely, and if the trustee refuses to extend the closing date, then this settlement shall be void.

The trustee believes that this proposed settlement between PDM, JAC and the bankruptcy estate is reasonable and in the best interest of the estate. The settlement avoids what will otherwise be lengthy, fact intensive litigation with JAC. After considering the delay, expense and risk of litigation, the trustee believes that this settlement is appropriate.

If both sales close, then an order shall be lodged after closing providing for the dismissal of this adversary proceeding with prejudice, with each party to bear their own attorneys' fees and costs. If the sales fail to close, then this settlement shall be void and this litigation shall proceed unaffected by the failed settlement.

**WHEREFORE**, the trustee prays for the entry of an order approving a settlement as set forth herein.

4

| | |
|---|---|
| 1 | DATED November 28, 2017. |
| 2 | ***TERRY A. DAKE, LTD.*** |
| 3 | By /s/ TD009656 |

```
                               Terry A. Dake
                               20 E. Thomas Rd.
                               Suite 2200
                               Phoenix, Arizona 85012-3133
```

**APPROVED AND AGREED:**

 /s/ Adam E. Hauf
ADAM E. HAUF
HAUF LAW, PLC.
4225 W GLENDALE AVENUE
SUITE A-104
PHOENIX, AZ 85051
623-252-0742
Fax : 623-321-2310
Email: adam@hauflaw.com
Attorney for JAC


 /s/ Michael Reddig
MICHAEL REDDIG
REDDIG LAW OFFICE
PO BOX 22143
FLAGSTAFF, A Z 86002
928-774-9544
Fax : 928-774- 2043
Email: reddiglaw@g mail.com
Attorney for PDM

5

Case 3:17-ap-00215-DPC   Doc 28   Filed 11/28/17   Entered 11/28/17 09:35:00   Desc
Main Document    Page 5 of 5