SO ORDERED.

Dated: January 2, 2018

*Daniel P. Collins*

**Daniel P. Collins, Chief Bankruptcy Judge**

*TERRY A. DAKE, LTD.*
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
Telephone: (602) 701-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Chapter 7 Proceedings |
| PATRICIA DIANE MCSHANE; | Case No. 3:17-BK-01903-DPC |
| Debtor. | |
| LAWRENCE J. WARFIELD, TRUSTEE | **Adversary No. 3:17-AP-215** |
| Plaintiff, | |
| v. | |
| JOHN ALLEN CASPER, II, | |
| Defendant. | |

**ORDER**

This matter having come before the Court on the trustee's Motion To Approve Compromise (Admin. Dkt. No. 28); and

It appearing that notice of the trustee's motion was duly given to all creditors and parties in interest (Admin. Dkt. Nos. 29, 30); and

There having been no objections to the trustee's motion timely filed and served; and

The Court having reviewed the motion and finding that the compromise is a reasonable exercise of the trustee's business judgment

and that the compromise is otherwise reasonable and in the best interest of the estate; and

The Court being otherwise duly advised;

**IT IS ORDERED** that the Motion To Approve Compromise shall be and the same is hereby approved.

**IT IS FURTHER ORDERED**:

1. The trustee is authorized to convey to John Allen Casper ("JAC") title to the following real property by trustee's deed:

   A. 1404 E. Tina Circle, Williams, AZ (the "Tina" property) which is legally described as:

   Lot 869 of Lake Kaibab Park Unit Two, as shown on the plat thereof, recorded in Case 2, Maps 321-321A, records of Coconino County, Arizona; Except 75% of oil, gas and mineral rights, as reserved in instrument recorded in Docket 1266, Page 817, records of Coconino County, AZ.

   B. 797 E. Hoctor Rd., Williams, AZ (the "Hoctor" property), which is legally described as:

   Lot 45, Kaibab Park, as shown on the plat thereof recorded in Case 2, Map 306-306A, records of Coconino County, AZ.

2. JAC shall pay to the trustee $260,000.00 for the Tina property and $90,000.00 for the Hoctor property. Further, as part of the consideration for the Tina property and the Hoctor property, JAC shall assert no claims of any kind against Patricia Diane McShane ("PDM") or against the bankruptcy estate and JAC shall release any and all liens and encumbrances that JAC has recorded against both the Hoctor and Tina properties.

2

3. From the consideration paid by JAC for the Tina property and the Hoctor property, no money shall be distributed to JAC for any reason.

4. The net sale proceeds of the Tina property, after payment of the existing deeds of trust, along with real property taxes, closing costs and other normal expenses of sale from the transfer of shall be paid to PDM. PDM will insure that any deeds required from her mother, Darlene Bailey, will be executed by Ms. Bailey and provided to the title company to complete the sale of both the Tina and the Hoctor properties. PDM will also release the eviction judgment she obtained against JAC.

5. The net sale proceeds of the Hoctor property, after payment of the real property taxes, closing costs and other normal expenses of sale from the transfer of title to JAC shall be paid to the bankruptcy trustee, Lawrence J. Warfield. That payment shall be sent to the trustee at the following address:

**LAWRENCE J. WARFIELD, TRUSTEE**
**P.O. BOX 3350**
**CAREFREE, AZ 85377**

6. The net proceeds of the sale of the Hoctor property which are paid to the trustee shall be free and clear of the lien, claim of interest of any other person or entity and shall be held by the trustee for distribution pursuant to 11 U.S.C. §726.

7. As part of this settlement, the trustee consents to the homestead exemption asserted by PDM in the Tina property and consents to the payment of the net proceeds from the sale of the Tina property to PDM, provided that PDM cooperates in the completion of the closing of both sales including, but not limited to, obtaining any required deeds from Darlene Bailey.

3

8. No real estate commissions shall be paid to any realtors in connection with this transaction. The normal fees and expenses of escrow will be allocated between the parties according to the usual customs, and real property taxes shall be prorated to the date of closing. The cost of a standard title insurance policy in favor of JAC shall be paid from escrow from the seller's proceeds for both sales, but any policy of insurance in favor of JAC's lender, if any, shall be paid by JAC.

9. Both sales shall close not later than 30 days after the date of this order. The trustee, in his sole discretion, may extend the closing date of both sales if the trustee believes that is reasonable and prudent to do so. If both sales fail to close timely, and if the trustee refuses to extend the closing dates, then this settlement shall be void and this litigation shall proceed unaffected by the failed settlement.

**DATED AND SIGNED ABOVE.**